[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Tanya Flores, appeals from a suspension of her motor vehicle operator's license by the defendant, Commissioner of Motor Vehicles, pursuant to Connecticut General Statutes § 14-227b, for her refusing to submit to a chemical test of the blood alcohol content of her blood. As the sole ground for this appeal, plaintiff contends there was no evidence in the record demonstrating that the plaintiff refused to submit to the breathalyzer test.
The facts are as follows. On April 23, 2000, Officer Stephen Carroll of the Glastonbury Police Department, responding to a complaint that a vehicle was drifting to the right on the highway and the driver seemed to be intoxicated, located the vehicle on Griswold Street in Glastonbury. The officer observed the vehicle make a left turn on Prospect Street so sharply that it was actually in the oncoming lane before drifting back CT Page 14174 into the proper lane. The officer activated his emergency lights to stop the vehicle but the vehicle sped up and continued on Prospect Street until turning onto Lancaster Street. The officer activated his siren and the vehicle sped even more. In the area of 65 Lancaster Street the vehicle suddenly turned left, drove over the curb, onto the lawn, running over some shrubs, and nearly missed striking a car. The driver struck the garage door twice before coming to a stop in the garage. The officer noted a strong odor of an alcoholic beverage and when he asked the driver, identified as the plaintiff herein, whether or not she had been drinking, the plaintiff replied no. She refused to perform the field sobriety tests. Based upon her erratic operation of the vehicle and the strong odor of liquor, the officer placed her under arrest and escorted her to the police station. The officer then advised her of her constitutional rights which she said she understood but she requested to call her attorney. The attorney was called but there was no answer. The plaintiff was then read her implied consent advisory. The officer chose the breath test and asked the plaintiff if she wished to submit to one. She would not answer yes or no but said she would do what he told her to do. She called her attorney again but there was no answer. The police officers report indicates as follows. "When processing was started again, Flores said that she would submit to the breath test, but when administering the test, Flores would not follow the directions on how to blow into the machine, instead, she would get about three inches away from the mouthpiece and puff lightly towards it. This went on for a few trials, I then took her lack of sincerity as a refusal." The form annexed to the police report indicates that the police instructed the plaintiff as follows: "In order to give a proper breath sample, you must expend an effort similar to blowing up a balloon. Do you have any medical problems which would prevent you from giving an inadequate sample?" The plaintiff responded "no."
The plaintiff was notified that her license would be suspended and she was given the right to request a hearing. One was held on May 18, 2000 before hearing officer Mark P. Gutis in which he made the following findings of fact and conclusions of law: (1) the police officer had probable cause to arrest the plaintiff; (2) the operator was placed under arrest; (3) the operator refused to submit to alcohol analysis test of her blood alcohol content; and (4) the plaintiff was operating the motor vehicle.
At the hearing the police officer's report and the documents attached to it were put into evidence. The plaintiff testified that she was not instructed by the officer on how to perform the test. She admitted that she did not actually put her mouth on the tube.
The hearing officer further found that "testimony [of the plaintiff] CT Page 14175 notwithstanding, the police report documents that the officer did instruct the respondent on how to blow. She admitted she never attempted to place her mouth on the tube." The hearing officer rendered a decision on that date suspending plaintiff's license for a period of six months.
In support of her contention that there was insufficient evidence in the record to support the hearing officer's determination that the plaintiff refused to submit to the breathalyzer test, plaintiff citesBialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702 (1997). That case holds that the fact that a motorist may have failed to give an adequate breath sample does not "automatically constitute a refusal within the meaning of § 14-227b . . . A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has therefore refused, does not constitute such evidence." Id. 714-15.
However, in State v. Corbeil, 41 Conn. App. 7, 19 (1996) the court noted that "`refusing' [within the meaning of § 14-227a] to take a breath test may be accomplished by failure to cooperate as well as by an express refusal."
Here, the hearing officer's finding of plaintiff's refusal to take the test is not based upon conclusory remarks of the officer, but rather upon his observation that the plaintiff "would get about three inches away from the mouthpiece and puff lightly towards it."
Although the plaintiff testified to the effect that she was not given instructions on how to blow into the breathalyzer, the police officer's report indicates to the contrary, that, in fact she was given instructions. The hearing officer, of course, had the right to determine the credibility of the witnesses and to conclude that the police officer's report was more believable than the plaintiff's testimony.
The law is clear that this court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. Section 4-183 (j). If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his findings, his decision must be upheld. Connecticut BuildingWrecking Company v. Carothers, 218 Conn. 580, 593 (1991).
Here, the court does determine that there was substantial evidence to support the conclusion of the hearing officer that the plaintiff refused to cooperate in the performance of the breath test and, as a consequence, this appeal is dismissed.
Robert Satter CT Page 14176 Judge Trial Referee